St. Louis-San Francisco Railway Co. *v.* Vaughn.

No. 41236          October 19, 1959          115 So. 2d 62

*D. W. Houston, Jr.,* Aberdeen; *Bolton & Doty,* Tupelo, for appellant.

*Adams, Long & Adams,* Tupelo; *Ramsey & Bodron,* Vicksburg, for appellee.

HALL, J.

The appellee brought suit against the appellant for the recovery of damages for a personal injury alleged to have been sustained by him while employed as a brakeman on its train which was on a run from Amory, Mississippi, to Magnolia, Alabama. He based his original declaration on the Federal Employee's Liability Act and also on the Federal Safety Appliance Act. But, after answer, he obtained leave to file an amended declaration and in the amended declaration he based his sole cause of action upon the Federal Safety Appliance Act which is found in 45 U. S. C. A. He claimed in the amended declaration that the railroad company had violated Section 1 of the act which provides that it shall be unlawful for any common carrier engaged in interstate commerce by railroad to use on its line any locomotive engine in moving interstate traffic not equipped with a power-driving wheel brake and appliances for operating the train brake system, or to run any train in such traffic that has not a sufficient number of cars in it so

equipped with power or train brakes that the engineer on the locomotive drawing such train can control its speed without requiring brakemen to use the common hand-brake for that purpose.

At the trial the appellee admitted and the proof showed without conflict that the train in question had reached a point just outside of the City of Columbus and that the train had been stopped and a number of cars disconnected therefrom, and that it was making a "flying switch", that is to say that the locomotive was pulling these cars at a speed of about five miles per hour, and that the automatic coupler had been disconnected and the engine had then greatly increased its speed and pulled away from these disconnected cars and when it had passed a switch, the switch had been thrown and the cars permitted to coast down into an interchange track connected to the Columbus and Greenville Railroad and it was after the engine had pulled onto a separate track that these loose cars had coasted on to the interchange track when the appellee sustained his injury. It is admitted by the appellee, and the proof shows without conflict, that the cars were being engaged in a switching operation and at the conclusion of the evidence the appellant requested a peremptory instruction which was refused by the trial court.

The appellant brings the case here and he enumerates several grounds of error, but we think it is necessary only for us to consider one of these grounds and that is that the air-brake provision found in the Federal Safety Appliance Act deals with running a train and does not deal with switching operations.

We think that the appellant's position in this regard is well taken. In 45 U. S. C. A., Section 1, Note 53, on p. 22, there is an annotation dealing with the subject under consideration. In that note there is cited a decision of the United States Supreme Court in the case of United States v. Erie Railroad Company, 35 S. Ct.

621, 237 U. S. 402, 59 L. Ed. 1019, as well as numerous cases from various courts including circuit courts of appeal throughout the country, all of which support the following quotation from the annotation:

"The air-brake provision deals with running a train, while the other requirements relate to hauling or using a car. In one a train is the unit and in the other a car. As the context shows, a train in the sense intended consists of an engine and cars which have been assembled and coupled together for a run or trip along the road. When a train is thus made up and is proceeding on its journey it is within the operation of the air-brake provision. But it is otherwise with the various movements in railroad yards whereby cars are assembled and coupled into outgoing trains, and whereby incoming trains which have completed their run are broken up. These are not train movements, but mere switching operations, and so are not within the air-brake provision. The other provisions calling for automatic couplers and grab irons are of broader application and embrace switching operations as well as train movements, for both involve a hauling or using of cars."

So far as we can tell there is no decision to the contrary and the appellee has certainly cited nothing to the contrary. He has cited cases involving automatic couplers and grab irons and angle cocks, but he has cited no case involving air-brakes on loose cars engaged in switching operations such as we have here. Consequently we are of the opinion that the requested peremptory instruction should have been granted and that for refusing to grant the same the judgment of the lower court should be reversed and a judgment here entered in favor of the appellant.

Reversed and judgment here.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.